RENDERED: JUNE 12, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2025-CA-1155-MR

BG48, LLC                                                                          APPELLANT

v.

APPEAL FROM WHITLEY CIRCUIT COURT
HONORABLE DANIEL BALLOU, JUDGE
ACTION NO. 24-CI-00329

ARLIE COBB; BRITTANY NICOLE
SMITH; DARRELL COBB; DOUGLAS
SHANE COBB; UNKNOWN HEIRS OF
ARLIE COBB; AND WHITLEY
COUNTY, KENTUCKY                                                      APPELLEES

OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE: CETRULO, McNEILL, AND TAYLOR, JUDGES.

CETRULO, JUDGE: BG48, LLC ("BG48") appeals a June 5, 2025 Whitley

Circuit Court order dismissing its foreclosure action for lack of prosecution.

Finding the order on appeal unsupported and improper, we vacate and remand.

## BACKGROUND

Beginning in 2019, Arlie Cobb failed to pay property taxes on six parcels of land he owned in Whitley County, Kentucky ("Land"). BG48 purchased four of Arlie Cobb's delinquent tax certificates for approximately $1,049, and in July 2004, initiated a foreclosure action on the Land.[1] In BG48's complaint, it asserted that foreclosure was proper, in part, because the Land "cannot be divided . . . [and] should be sold as a whole." The complaint also requested 12% interest per annum "from the date of the [debt] purchase . . . until paid."[2]

In December 2024, BG48 filed (1) a first amendment to its complaint; (2) a motion to add Darrell Cobb (Arlie Cobb's surviving son) and any Unknown Heirs of Arlie Cobb as parties; and (3) an affidavit for appointment of warning order attorney ("WOA") for the Unknown Heirs of Arlie Cobb. BG48 stated in its amended complaint its belief that Arlie Cobb had passed away in November 2024, and requested the court order the Bell County Sheriff[3] to serve Darrell Cobb.

---

[1] Attached to its complaint and later amendments to that complaint, BG48 included *four* certificates of delinquency for 2019 ($264.68), 2020 ($266.42), 2021 ($261), and 2022 ($256.72). However, an October 2024 answer/counterclaim/crossclaim filed by Whitley County lists *eight* delinquent tax bills that BG48 "claims a lien against[.]"

[2] It is unclear from the record why BG48 believed the six parcels of land were indivisible. Whitley County's October 2024 and February 2025 pleadings also claimed the Land was indivisible. Additionally, it is unclear from the record why BG48 requested 12% interest starting from the debt purchase date as opposed to 6% interest from a judgment date. *See* Kentucky Revised Statute (KRS) 360.040 (amended in 2017).

[3] BG48 provided a physical address for Darrell Cobb in Middlesboro, Kentucky, a city located within Bell County, Kentucky.

In January 2025, BG48 again moved to add Darrell Cobb and the Unknown Heirs of Arlie Cobb as parties to the foreclosure action. This motion repeated BG48's request for a WOA for the Unknown Heirs of Arlie Cobb and for "appropriate service of process" upon all the defendants.

On February 5, 2025, the circuit court granted BG48's motion and added "Arlie Cobb's surviving son, Darrell Cobb, and the Unknown Heirs of Arlie Cobb" as parties to the action and appointed a WOA for the Unknown Heirs. The record indicates service to Darrell Cobb was attempted, but there is no indication service was successful. At this time, the court did not rule on BG48's request to file an amended complaint.

On February 14, 2025, BG48 again moved to amend its complaint. This motion included Darrell Cobb as a party and requested service upon him by the Bell County Sheriff and through certified mail. The record does not include an order from the court granting or denying this motion.

In March 2025, Brittany Nicole Smith and Douglas Shane Cobb (together, the "Intervening Parties") intervened and answered. The Intervening Parties asserted they were "two heirs-at-law of Douglas Cobb, who held a one-half vested reminder interest in fee simple absolute as a joint tenant with Darrell Cobb[.]" (It appears Douglas Cobb may be the deceased son of Arlie Cobb, but the motion does not clarify or explain the relationship/connection.) The

Intervening Parties argued, in part, that (a) foreclosure was improper as the liens were insignificant compared to the fair market value of the Land; (b) contrary to BG48's assertions, the six-parcel property was divisible; and (c) the certificates of delinquency could be satisfied without foreclosure, assuming such monies were owed. The Intervening Parties requested, in part, further findings to determine the exact amount BG48 was entitled to receive and for a permanent injunction enjoining the sale of the Land.

On May 5, 2025, BG48 amended its legal description of the Land, admitting its original complaint "over-described" the subject property and included an unrelated parcel.

On May 15, 2025, the Intervening Parties moved the circuit court to dismiss the foreclosure action due to BG48's failure to serve Darrell Cobb, an indispensable party. They asserted it was "unfair for the intervening defendants to be held solely liable for the liens[,]" and that BG48 had "taken no action to get Darrell Cobb before the [c]ourt[.]"

On May 22, 2025, BG48 moved for leave to file its second amended complaint. BG48 requested to add, as indispensable parties, any Unknown Spouse if any, of Darrell Cobb and any Unknown Spouses, if any, of the Unknown Heirs of Arlie Cobb. Again, BG48 argued the Land could not be divided (and should be sold as a whole), and requested 12% interest from the date of the debt purchase.

-4-

Apparently, the Whitley Circuit Court orally granted the Intervening Parties' motion to dismiss during its motion hour on June 2, 2025. However, no hearings were provided in the record on appeal, and there are no orders nor docket entries in the record memorializing that oral dismissal.

In a written objection filed the day of the hearing, BG48 argued dismissal was improper because – rebutting both of the Intervening Parties' assertions – BG48 was not holding the Intervening Parties personally liable for the debts (solely or otherwise), and it had been actively working the action. Additionally, BG48 stated Darrell Cobb had contacted them, requested a payoff quote for the matter, and informed BG48 that the legal description of the Land in its complaint was inaccurate. Upon review, BG48 confirmed its legal description was improper, which it remedied by amending its Land description the month prior. More specifically, BG48 stated that as

> Darrell Cobb requested a payoff quote and pointed out the legal description's errors contained in the Complaint, the undersigned (incorrectly) believed that Darrell Cobb had been served with process.
>
> [BG48] avers that only ninety (90) days transpired between the time that [the Intervening Parties] learned of and filed their Answer herein and were granted their Motion to Dismiss. [BG48] avers that ninety (90) days in a foreclosure matter having unknown death and unknown heirs is not an unreasonable period of inconvenience or burden, especially for a property having apparent intrinsic value.

Furthermore, [BG48] has not and will not make any claims of personal liability on the part of [the Intervening Parties] or Darrell Cobb for the debts owed herein but merely seeks to foreclose the subject property of this matter. Accordingly, personal liability should not serve as the basis of any undue burden.

[BG48's] delay in the prosecution of this matter, if any, was largely due to Darrell Cobb's request for a payoff quote and [BG48's] attempt to provide Darrell Cobb sufficient time in which to make payment arrangements together with the undersigned falsely believing that Darrell Cobb had been served with process. [BG48 and its legal counsel] strive to provide [d]efendant tax debtors and their families time and leeway to make payment arrangements when possible.

Lastly, the dismissal of this matter is not judicially economic in that it appears that Darrell Cobb is attempting to make payment arrangements now and that dismissal will likely only lead to [BG48's] re-filing of this matter when service has already been made upon all parties but one. In other words, service upon Darrell Cobb in this matter will remedy the sole basis of [the Intervening Parties'] Motion for Dismissal. If [BG48] is so allowed, it will immediately make arrangements for service of process upon Darrell Cobb herein.

Two days later, on June 4, BG48 filed a supplemental objection to dismissal. According to BG48, the Intervening Parties tendered a proposed order with new, untrue allegations, but there is no unsigned tendered order in the record for June 2, 3, or 4. BG48's supplemental objection argued that

[i]n their original Motion for Dismissal, [the Intervening Parties] alleged that they were entitled to dismissal because [BG48] had failed to serve [] Darrell Cobb [] with Service of Process and had been unduly burdened thereby.

-6-

> In its proposed Order for Dismissal, [the Intervening Parties] now claim that the dismissal is proper because [BG48] had failed to add Darrell Cobb as a necessary party to this matter, when . . . it is clear that Darrell Cobb is a party hereto.

Also, BG48 asserted it was actively working with Darrell Cobb toward resolution, and any delay in prosecution, if any, was to provide Darrell Cobb sufficient time to make payment arrangements.

The next day, on June 5, the Whitley Circuit Court entered an order granting the Intervening Parties' motion to dismiss "in its entirety," denying BG48's motion to amend its complaint, and dismissing the complaint *with prejudice* ("June 5 Order"). This June 5 Order stated BG48 failed to (a) "revive" the action, and (b) explain why it failed to join Darrell Cobb. On June 10, BG48 moved to alter, amend, or vacate the June 5 Order pursuant to CR[4] 59.05, which the circuit court denied in a two-sentence order. BG48 appealed.[5]

## ANALYSIS

While the circuit court cited *no law or civil rule*, the June 5 Order appears to have dismissed the action for lack of prosecution pursuant to CR 41.02(1). True, under CR 41.02(1), a defendant may move for dismissal for three

---

[4] Kentucky Rule of Civil Procedure.

[5] An order denying a CR 59.05 motion is interlocutory and unappealable as it does not change the underlying order. *See Ford v. Ford*, 578 S.W.3d 356, 364-66 (Ky. App. 2019). As such, the order on appeal is only the June 5 Order. *See id.*

reasons, one of which is for failure to prosecute. Yet, such a dismissal is an "extreme remedy" that requires careful scrutiny. *Jones v. Pinter*, 642 S.W.3d 698, 701 (Ky. 2022) (citations omitted).

We review CR 41.02 dismissals for abuse of discretion, and we will reverse only if the trial court's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles. *Id.* (citations omitted). Review of a dismissal under CR 41.02(1) "requires fact-specific determinations" based "on the totality of the circumstances." *Id.* (citations omitted).

> In considering the totality of the circumstances, trial courts may consider the factors espoused in *Ward v. Housman*. *Ward* provides a nonexclusive list of factors for consideration when analyzing the totality of the circumstances relevant to a motion to dismiss for lack of prosecution under CR 41.02. The *Ward* factors are: "1) the extent of the party's personal responsibility; 2) the history of dilatoriness; 3) whether the attorney's conduct was willful and in bad faith; 4) meritoriousness of the claim; 5) prejudice to the other party, and 6) alternative sanctions."

*Id.* (quoting *Ward v. Housman*, 809 S.W.2d 717, 719 (Ky. App. 1991)). Here, the June 5 Order does not reference *Ward v. Housman* nor consider any of the *Ward* factors. Instead, the circuit court appears to have found dismissal appropriate due to BG48's "failure" to join an indispensable party, Darrell Cobb, and for BG48's "woefully negligent" prosecution. However, we do not agree.

First, BG48 did not fail to join Darrell Cobb.  BG48 filed its complaint in July 2024.  After discovering Arlie Cobb had died that previous November, BG48 filed for leave to amend its complaint, moved to add heirs as parties, and requested a WOA that December.  In January 2025, BG48 again moved to add parties and requested a WOA.  On February 5, 2025, the circuit court granted BG48's motion and added "Arlie Cobb's surviving son, Darrell Cobb," as a party.  Even if BG48 had not attempted to join Darrell Cobb, it is unclear why the court would not have merely ordered that he be made a party.  *See* CR 19.01.

The circuit court held that no timely motion to revive was ever made. However, BG48 filed its amended complaint within one year of Arlie's death, averring that Arlie died on November 3, 2024 and now naming his son and unknown heirs and the court granted the motion.  Substitution of a party within the one-year limit sufficiently revived the claim.  *Estate of Benton by Marcum v. Currin*, 615 S.W.3d 34 (Ky. 2021).

Second, BG48 did not fail to diligently prosecute its action. According to our Supreme Court, when considering a dismissal with prejudice under CR 41.02(1),

> "[P]rosecution in this context essentially entails pursuing the case diligently toward completion or, in other words, actually working to get the case resolved—not just keeping it on a court's docket or occasionally working on the file without actively attempting to resolve matters in dispute." Prosecuting a case diligently to completion

"involves, not only preparing one's own case, but also reasonably cooperating with the opponent's active attempts to prepare its case, such as responding timely to discovery requests."

*Pinter*, 642 S.W.3d at 703 (quoting *Jaroszewski v. Flege*, 297 S.W.3d 24, 32 (Ky. 2009)).

The next month, in February, BG48 again attempted to amend its complaint and moved for the court to appoint a WOA. After being contacted by Darrell Cobb, BG48 amended its legal description of the Land in May. That same month, BG48 moved for leave to file its second amended complaint in order to add parties. Then in June, the Whitley Circuit Court granted the Intervening Parties' motion to dismiss. Clearly, BG48 was actively pursuing its case when the action was dismissed.

Moreover, courts should support a party's attempt to resolve indebtedness by agreement, *not* encourage debt collectors to move *more quickly* in a foreclosure action. To essentially sanction a debt collector (through dismissal) *for mediating* is not consistent with our views of fairness and equity. In Kentucky, it is public policy "to encourage the peaceable resolution of disputes and the early, voluntary settlement of litigation through negotiation and mediation." KRS 454.011. Moreover,

> the path to resolution of a case may take many different turns. . . . [P]ursuing mediation (at least where all parties are agreeable to trying mediation) could be one form of

-10-

> prosecuting one's case, even though the steps involved in actively pursuing mediation would not necessarily be reflected in the official court record.

*Jaroszewski*, 297 S.W.3d at 32. Here, the record indicates that BG48 was actively negotiating with Darrell Cobb and amended its Land description due to his concerns. Such negotiations are to be encouraged, not sanctioned, especially in light of the gravitas of a foreclosure.

"When reviewing dismissal for failure to prosecute, we must balance the broad discretion given to trial courts with the extreme nature of dismissal of a civil action with prejudice under CR 41.02(1)." *Pinter*, 642 S.W.3d at 703 (citing *Jaroszewski*, 297 S.W.3d at 32). While we appreciate that a trial court has discretion to dismiss, that discretion is not "unfettered" and here, the circuit court abused its discretion. *See id.* (citation omitted). Further, trial courts must provide a clear written record of the facts and circumstances that moved it to dismiss a case for lack of prosecution, a written record which is absent herein. *See Jaroszewski*, 297 S.W.3d at 33. Ultimately, the circuit court's dismissal within the June 5 Order was unsupported by sound legal principles, and considering the totality of the circumstances, BG48's conduct was insufficient to justify the extreme sanction of dismissal with prejudice under CR 41.02(1).

# CONCLUSION

Accordingly, we VACATE the June 5, 2025 Whitley Circuit Court order and REMAND for further proceedings.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Donald R. Jones
Dallas, Texas

BRIEF FOR APPELLEES
BRITTANY NICOLE SMITH AND
DOUGLAS SHANE COBB:

James H. Wren, II
Williamsburg, Kentucky